IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARE ZAMANSOU THEOPHANE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-1258 |
| : | |
| HOMELAND INTELLIGENCE, LLC, : | |
|     Defendant. : | |

MEMORANDUM

**KENNEY, J.**                                                                                    **MARCH 21, 2025**

Plaintiff Pare Zamansou Theophane commenced this *pro se* civil action alleging claims of employment discrimination. He seeks to proceed *in forma pauperis* and has requested appointment of counsel. For the following reasons, the Court will grant Theophane *in forma pauperis* status, dismiss the Complaint without prejudice, and deny his request for appointment of counsel. Theophane will be granted leave to file an amended complaint if he can cure the deficiencies noted by the Court.

**I.    FACTUAL ALLEGATIONS**[1]

Theophane seeks to bring claims under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e-17, as well as the Pennsylvania Human Relations Act ("PHRA"). (Compl. at 1.) He was employed by Homeland Intelligence, LLC from 2016 to 2018 and September 2019 to November 2020, and worked as a security guard at Anderson Construction Company in Philadelphia, Pennsylvania. (*Id.*) Theophane claims that he

---

[1] The following allegations are taken from Theophane's Complaint and the EEOC Determination and Notice of Rights letter dated March 19, 2024, that is attached to the Complaint. (*See* ECF No. 2 at 1-3; ECF No. 2-1 at 1.) The EEOC right to sue letter contains a handwritten notation indicating that it was received on December 9, 2024. (*Id.*) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

experienced harassment and retaliation based on "race, ethnicity, and protected activities under federal and state laws." (*Id.* at 2.)  Specifically, Theophane alleges that he "was subjected to verbal and physical harassment by a coworker, P.W., including, racial slurs, name callings, and unauthorized live video recordings in violation of Pennsylvania's two-party consent law and company policy." (*Id.*)  According to Theophane, management, including Christopher Rodriguez, failed to address his complaints despite repeated reports and documented incidents. (*Id.*)

Theophane also claims that he was "given a supervisor position by Defendant's CEO, Brandon Womack, but was ultimately denied the role without explanation." (*Id.*)  According to Theophane, he suffered retaliation when the position was given to another candidate, Jerome Stretching, who was unqualified. (*Id.*)  Theophane further claims that after he refused to comply with "improper directives" and reported harassment, he experienced retaliation in the form of reduced working hours, removal from shifts without justification, and demands that he withdraw his EEOC charge or face termination. (*Id.*)  In particular, Theophane alleges that he was threatened by Defendant's representative on November 12, 2020, to withdraw his EEOC charge or face termination. (*Id.*)  Theophane refused to comply with this demand and was terminated later that month. (*Id.*)  Based on these allegations, Theophane seeks injunctive relief, as well as monetary damages. (*Id.* at 3.)

II.   **STANDARD OF REVIEW**

Because Theophane appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[2]  Accordingly, the Complaint is subject to

---

[2] Theophane failed to sign his application to proceed *in forma pauperis* as required by Federal Rule of Civil Procedure 11.  However, because the filings were submitted via the court's

screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.; see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se

---

Electronic Document Submission ("EDS") tool, the Court will accept this submission as substantial compliance with Rule 11.

litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

Federal law "proscribe[s] discrimination in employment based on several personal characteristics" including race, color, religion, sex, or national origin. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a)); *see also Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (claims under the PHRA are interpreted coextensively with their federal counterparts). Generally, a plaintiff in an employment discrimination action may establish a *prima facie* case either through direct evidence of discrimination, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985), or based on circumstantial evidence through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. While "the elements of that prima facie case will vary with different factual situations, . . . at root, the plaintiff's initial burden is to show adverse actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under Title VII." *Peifer v. Bd. of Prob. & Parole*, 106 F.4th 270, 276 (3d Cir. 2024) (cleaned up).

The Court understands Theophane to bring claims against Homeland Intelligence for allegedly subjecting him to a hostile work environment and for retaliation. To state a plausible hostile-work-environment claim under Title VII, a plaintiff must allege that: (1) he suffered intentional discrimination based on his being a part of a protected class, (2) the discrimination was severe or pervasive; (3) the discrimination had a detrimental influence on the plaintiff; (4)

the discrimination would have had a detrimental influence on a reasonable person in similar circumstances; and (5) respondeat-superior liability exists. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). Further, a plaintiff seeking to state a claim for retaliation under Title VII must allege that: (1) he engaged in conduct protected by Title VII; (2) the employer took adverse action against him; and (3) a causal link exists between his protected conduct and the employer's adverse action. *See Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022).

To plead a claim under Title VII, a plaintiff need not allege each element necessary to establish a *prima facie* case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."), and *id.* at 515 ("[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination."). Rather, at the pleading stage, a plaintiff must allege facts that provide fair notice of a plaintiff's claims and demonstrate a plausible right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Fed. R. Civ. P. 8(a)(2) (requiring that complaints merely contain a "short and plain statement showing that the pleader is entitled to relief"). Thus, to pass statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii) or to survive a motion to dismiss, the complaint must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler*, 578 F.3d at 213; *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016) ("Instead of requiring a prima facie case, the post-*Twombly* pleading standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements.")

5

(cleaned up).  Applying this framework to Theophane's claims, he must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of a hostile work environment and retaliation.

Theophane has not met this standard.  While Theophane need not allege each element of the *prima facie* case at this stage of the litigation, his allegations of discriminatory conduct, nonetheless, are undeveloped and conclusory.  *See, e.g., Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003) ("The central focus of the *prima facie* case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin.") (cleaned up).  With respect to the hostile work environment claim, while he alleges that he experienced harassment based on "racial slurs, name callings" and unauthorized video recording, he does not allege any protected class to which he belongs.  *See, e.g., Henderson v. Philadelphia Hous. Auth.*, No. 23-1236, 2024 WL 1254830, at *2 (3d Cir. Mar. 25, 2024) (affirming dismissal of Title VII claims for failure to allege membership in a protected class).  Further, Theophane's hostile work environment allegations do not sufficiently allege that the harassment was so severe or pervasive that it altered his conditions of employment.  *See Sousa v. Amazon.com, Inc.*, No. 22-3043, 2023 WL 7486751, at *3 (3d Cir. Nov. 13, 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *see id.* ("The question of whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (cleaned up)).

Additionally, with respect to his allegations of retaliation, Theophane has not sufficiently alleged that he engaged in conduct protected by Title VII. "Protected activities" include participating in certain Title VII proceedings and opposing discrimination made unlawful by Title VII. *Slater v. Yellen*, No. 23-1091, 2023 WL 6457818, at *3 (3d Cir. Oct. 4, 2023) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 341-42 (3d Cir. 2006)), *cert. denied*, 144 S. Ct. 860 (2024). The Court understands Theophane to allege that after he reported harassment, a supervisor position was given to an unqualified candidate instead of to him in retaliation for the complaints, and that his employment was terminated because he filed an EEOC complaint and refused to withdraw it. (*See* Compl. at 2.) Theophane merely alleges in a conclusory fashion that he reported harassment and filed an EEOC complaint. It unclear from the Complaint or the EEOC Notice whether the conduct he opposed with his employer and with the EEOC was unlawful under Title VII. *See Barber v. CSX Distribution Services*, 68 F.3d 694, 701-702 (3d Cir. 1995) (affirming district court's holding in age discrimination case that a letter sent to an employer's human resources department was not protected activity because it did not specifically complain about age discrimination and was too vague to constitute opposition to an unlawful employment practice of his employer because it neither explicitly or implicitly alleged that a protected characteristic was the basis for the adverse employment action).[3]

---

[3] It is possible that Theophane also seeks to allege a national origin, ethnicity, or race discrimination claim based on the failure to promote him based on favoritism of another employee who he alleges was not qualified for the position. (*See* Compl. at 2.) To allege such a claim, Theophane must plausibly allege that he: (1) is a member of a protected class; (2) was qualified for the position he sought to attain; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). First, Theophane's failure to sufficiently allege that he is a member of a protected class is fatal to this claim as well. Furthermore, Theophane has not pled sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of relevant comparators or differential treatment for the same conduct. *See Stovall v. Grazioli*, No. 20-2041, 2023 WL 3116439, at *2 (3d Cir.

Having reviewed Theophane's submission in its entirety and construing the allegations in the Complaint liberally, the Complaint in its current form falls short of presenting plausible claims because the allegations are undeveloped and conclusory. "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly*, 809 F.3d at 786. Thus, Theophane's Complaint does not meet the pleading standard for bringing Title VII claims and will be dismissed. *See, e.g., Verdu v. Trustees of Princeton Univ.*, No. 20-1724, 2022 WL 4482457, at *5 (3d Cir. Sept. 27, 2022) ("Many may suffer severe or pervasive harassment . . . , but if the reason for that harassment is one that is not proscribed by Title VII, it follows that Title VII provides no relief."); *Jean-Pierre v. Schwers*, 682 F. App'x 145, 147 (3d Cir. 2017) (*per curiam*) (affirming dismissal of race discrimination claim because plaintiff failed to plead facts that would plausibly support an inference of intentional discrimination).[4]

---

Apr. 27, 2023) (citing *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 170 (3d Cir. 2013) ("[T]he identification of a similarly situated individual outside of the protected class, who engaged in the same conduct but was treated more favorably, may give rise to an inference of unlawful discrimination.")); *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004) (a relevant comparator should share similar "job function[s], [and] level[s] of supervisory responsibility" with the plaintiff)).

[4] The Court notes that "[t]o bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice." *Mandel*, 706 F.3d at 165 (citing 42 U.S.C. § 2000e-5(e)(1)). A plaintiff who fails to bring a charge within that 300-day time-period has failed to exhaust administrative remedies as required by Title VII and is therefore barred from bringing an action in federal court. *See Valentin v. Manpower Grp. Sols.*, 792 F. App'x 208, 210 (3d Cir. 2019) (*per curiam*) ("Title VII requires a claimant in Pennsylvania to file a charge with the EEOC within 300 days of an unlawful employment practice. Absent the filing of such a charge, a claim for relief under federal law may not proceed." (citations omitted)); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) ("Watson's attempt to obtain relief under federal law from Kodak's alleged employment discrimination on the basis of race and age may proceed only if he filed his administrative charge of discrimination within 300 days of the unlawful employment actions he challenges."). However, "[b]ecause the time limitations set forth in Title VII are not jurisdictional, they may be modified by equitable concerns, such as tolling." *Podobnik v. U.S.*

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Theophane leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Additionally, Theophane's motion for appointment of counsel (ECF No. 3) will be denied without prejudice as premature.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate order follows, which contains additional instructions as to amendment.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**

---

*Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018) (*en banc*); *see also King v. Mansfield Univ. of Pennsylvania*, 645 F. App'x 131, 132 (3d Cir. 2016) ("The Supreme Court and this Court have held that the statute of limitations in Title VII is not jurisdictional and, as is the case in many federal statutes, the time limits are subject to equitable tolling.").

Theophane avers that he worked for Homeland Intelligence from 2016 to 2018 and again from September 2019 until November 2020. (Compl. at 1.)  While he alleges instances of discrimination, and that he reported such to management, he does not indicate when any of these events occurred, other than to allege that he was threatened with termination on November 12, 2020. (*See id.* at 2.)  The EEOC right to sue letter, which is dated March 19, 2024, sheds no light on the timing of the underlying events.  (*See* ECF No. 2-1 at 1.)  Because the Complaint and exhibits are unclear as to whether Theophane's claims are timely, the Court will not further address this issue at this time.  *See Wiggins v. Albert Einstein Med. Ctr.*, No. 20-3129, 2022 WL 1197015, at *2 (3d Cir. Apr. 22, 2022) (*per curiam*) ("[T]he timeliness of Wiggins's Title VII claim cannot be resolved on the face of his amended complaint, and we will vacate the dismissal of this claim for this reason.").